IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


NANCY FANEZ MOORE                                          PLAINTIFF


        v.                        CIVIL NO. 5:16-CV-5288


NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration                             DEFENDANT


**<u>MEMORANDUM OPINION</u>**

Plaintiff, Nancy Fanez Moore, brings this action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of a decision of the Commissioner of the Social Security

Administration (Commissioner) denying her claims for a period of disability and disability

insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles

II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine

whether there is substantial evidence in the administrative record to support the

Commissioner's decision. <u>See</u> 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on March 27, 2014,

alleging an inability to work since September 22, 2012,[2] due to degenerative disc disease,

stomach problems, knee problems, and shoulder problems. (Tr. 57, 67, 77, 89). For DIB

purposes, Plaintiff maintained insured status through December 31, 2014. (Tr. 57, 67, 77, 89).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] At the December 16, 2014, hearing before the ALJ, Plaintiff amended her alleged onset date from January 10, 2014, to
September 22, 2012. (Tr. 32-33).

An administrative video hearing was held on December 16, 2014, at which Plaintiff and a vocational expert testified. (Tr. 26-54).

By written decision dated July 31, 2015, the ALJ found that during the relevant time periods, Plaintiff had severe impairments of degenerative disc disease, rotator cuff syndrome, knee problems, other and unspecified arthropathies. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except:

> [s]he is limited to frequently climbing ramps and stairs; occasionally climbing ladders, ropes, and scaffolds; frequently performing balancing, stooping, kneeling, crouching, and crawling; and occasionally performing bilateral reaching including overhead reaching.

(Tr. 17). With the help of a vocational expert, the ALJ determined that while Plaintiff was unable to perform her past relevant work, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a hotel/motel clerk and a gate guard. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 16, 2016. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable

mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 28th day of March, 2018.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE